1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                 SAN JOSE DIVISION

7

8     NADINE NZEUGA ROBINSON,                    Case No.  24-cv-00445-VKD

              Petitioner,
9
                                                 **ORDER REVIEWING HABEAS
10         v.                                    PETITION AND GRANTING LEAVE
                                                 TO AMEND**
11    A. DULGOV,

12              Respondent.

13

14          Petitioner Nadine N. Robinson, a federal prisoner, filed a *pro se* petition for a writ of

15    habeas corpus pursuant to 28 U.S.C. § 2241, seeking "an order ending [her] BOP confinement to

16    time served and immediate release" based on unconstitutional conditions of confinement at the

17    Satellite Camp in the Federal Correctional Institution in Dublin ("FCI-Dublin").  Dkt. No. 1 at 7,

18    9.  Ms. Robinson has paid the filing fee.  Dkt. No. 4.

19          For the reasons explained below, the Court concludes that the petition contains no claims

20    that can proceed under the federal habeas statute.

21    **I.      BACKGROUND**

22          Ms. Robinson claims that her sentence is being executed in violation of the Constitution

23    because the conditions of her confinement at FCI-Dublin violate the Eighth Amendment.  Dkt. No.

24    1 at 9.  The challenged conditions include health and safety hazards and "lack of medical care due

25    to limited resources and staffing as a result of multiple disciplinary actions against federal officers

26    involved in sexual assault allegations and convictions."  *Id.*  She describes various unsafe working

27    conditions in FCI-Dublin's kitchen where she worked as a head cook.  *Id.*  In addition, Ms.

28    Robinson says there is black mold, asbestos, and other dangerous substances throughout the

1    facility, as well as pests and issues with plumbing, heating, and ventilation.  *Id.* at 10.  She also

2    alleges lack of proper medical treatment, as FCI-Dublin has no dentist and no eye doctor, and only

3    a part-time medical doctor.  *Id.*  Ms. Robinson states that she is a "black female who is obese with

4    a BMI of 41% and is considered high risk and extremely susceptible to various comorbidities."

5    *Id.*  Ms. Robinson asserts that her continued incarceration in the face of these conditions amounts

6    to unjust punishment and thereby "warrants immediate release to time served."  *Id.*

7    **II.      STANDARD OF REVIEW**

8         This court may entertain a petition for writ of habeas corpus from a person "in custody in

9    violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A

10   request for review of the execution of a federal sentence is properly brought as a petition under

11   § 2241.  *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) (presentence time credit

12   claim); *see also Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("petitions that

13   challenge the manner, location, or conditions of a sentence's execution must be brought pursuant

14   to § 2241 in the custodial court.").  The court shall "award the writ or issue an order directing the

15   respondent to show cause why the writ should not be granted, unless it appears from the

16   application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

17        Federal courts have a duty to construe *pro se* petitions for writs of habeas corpus liberally.

18   *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

19   **II.      DISCUSSION**

20        **A.      Habeas Jurisdiction**

21        Federal law "opens two main avenues to relief on complaints related to imprisonment"—a

22   petition for habeas corpus and a civil rights complaint.  *Muhammad v. Close*, 540 U.S. 749, 750

23   (2004).  Habeas petitions are "the exclusive vehicle" for claims challenging "the fact or duration

24   of the conviction or sentence."  *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016).  By

25   contrast, a civil rights action is the "proper remedy" for a claimant asserting "a constitutional

26   challenge to the conditions of his prison life, but not to the fact or length of his custody."  *See*

27   *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

28        Although framed as a challenge to the execution of her sentence, Ms. Robinson's habeas

United States District Court
Northern District of California

2

1    petition challenges the conditions of her confinement, and not the fact or duration of her

2    conviction or sentence.  She contends, however, that because release is the only adequate remedy

3    for the alleged constitutional violations, she properly may seek relief under the federal habeas

4    statute.  Dkt. No. 1 at 9.

5        The Ninth Circuit addressed a similar challenge in *Pinson v. Carvajal*, 69 F.4th 1059 (9th

6    Cir. 2023), *cert. denied sub nom. Sands v. Bradley*, No. 23-488, 2024 WL 1607961 (U.S. Apr. 15,

7    2024).  In that case, federal prisoners filed habeas petitions under § 2241, challenging the

8    conditions of their confinement as constitutionally inadequate because prison officials failed to

9    protect them against the spread of COVID-19.  They asserted that release was the only available

10   remedy.  *Id.* at 1069.  In analyzing whether petitioners were entitled to proceed under § 2241, the

11   Ninth Circuit summarized the relevant legal framework as follows:

> The question of whether a claim goes to the core of habeas does not
> turn . . . solely on whether the prisoner requested release as opposed
> to some other form of relief. . . .   Instead, as previously discussed,
> our review of the history and purpose of habeas leads us to conclude
> the relevant question is whether, based on the allegations in the
> petition, release is *legally required* irrespective of the relief
> requested. . . .   Or, stated differently, a successful claim sounding in
> habeas necessarily results in release, but a claim seeking release
> does not necessarily sound in habeas.

18   *Id.* at 1072-73 (emphasis in original).  Applying this framework, the Ninth Circuit rejected

19   petitioners' arguments, concluding that their challenge to the conditions of their confinement

20   should have been brought as a civil rights action and lay outside the historic core of habeas corpus

21   because release was not legally required.  *Id.* at 1062, 1074-75.

22       Here, the Court lacks jurisdiction to consider Ms. Robinson's habeas petition.  Like the

23   petitioners in *Pinson*, Ms. Robinson seeks release because of health and safety hazards and

24   inadequate medical care.  However, nothing in her petition suggests there are no alternative

25   remedies available for such conditions, such that if her petition were successful immediate release

26   would be legally required.  Indeed, Ms. Robinson may be able to state a claim for inadequate

27   medical treatment as a *Bivens* action and/or may seek injunctive relief for the challenged

28   conditions of confinement.  *See, e.g.*, *Carlson v. Green*, 446 U.S. 14, 17-19 (1980) (action against

United States District Court
Northern District of California

3

United States District Court
Northern District of California

federal prison for violation of Eighth Amendment rights based on inadequate medical treatment); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (prison officials may be liable under Eighth Amendment for deliberate indifference to substantial risk of serious harm to prisoner); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1865 (2017) (discussing alternatives to a *Bivens* action for damages, such as "an injunction requiring the warden to bring his prison into compliance with the regulations . . . or some other form of equitable relief."); *Pinson*, 69 F.4th at 1076 (referring to "federal courts' general authority to issue equitable relief for violation of federal law").[1]

Although a district court may construe a habeas petition by a prisoner challenging the conditions of her confinement as a federal civil rights complaint, *Nettles*, 830 F.3d at 936, the Court declines to do so here, as it is not entirely clear what claims Ms. Robinson may be able to assert at this time and whether her petition is amenable to conversion.  *See Pinson*, 69 F.4th at 1075-76.

Additionally, the Court notes that Ms. Robinson may be a member of the class in the pending action against prison officials for sexual misconduct which has also affected the quality of medical care at FCI-Dublin.  *See California Coalition for Women Prisoners, et al., v. United States Federal Bureau of Prisons, et al.*, No. 23-cv-4155-YGR (AGT) (Dkt. No. 222 at 14 (identifying class members "all people who are now, or will be in the future, incarcerated at FCI Dublin and subject to FCI Dublin's uniform policies, customs, and practices concerning sexual assault, including those policies, customs, and practices related to care in the aftermath of an assault and protection from retaliation for reporting an assault"); *see also id*., Dkt. No. 142 at 26 (alleging inadequate medical care at the Camp due in part "by the dearth of staff").  Ms. Robinson may wish to contact class counsel about her potential claims.[2]

---

[1] This order addresses only whether Ms. Robinson may petition for habeas relief and does not reach a conclusion as to which claims, if any, are capable of judicial review and decision.

[2] Class counsel include:  (1) Michael Bien, Ernest Galvan, Kara Janssen and Ginger Jackson-Gleich of Rosen Bien Galvan & Grunfeld LLP, 101 Mission Street, Sixth Floor, San Francisco, CA 94105, (415) 433-6830; (2) Susan Beatty of California Collaborative for Immigrant Justice, 1999 Harrison Street, Suite 1800, Oakland, CA 94612, 510-679-3674; (3) Oren Nimni, Amaris Montes, and D. Dangaran of Rights Behind Bars, 416 Florida Avenue NW, Suite 26152, Washington, D.C. 20001, 202-540-0029, and (4) Natalie Steiert and Stephen Seungkun Cha-Kim of Arnold & Porter Kaye Scholer LLP, 601 Massachusetts Avenue NW, Washington D.C. 20001,

**B.      Leave to Amend; Filing a New Action**

In the interest of justice, Ms. Robinson may file an amended petition to attempt to state a cognizable claim under § 2241 which challenges the fact or duration of her conviction or sentence, if she can do so in good faith.  Otherwise, this Court shall reassign this matter to a district judge with the recommendation that it be dismissed without prejudice to the filing of a complaint in a new action.  If Ms. Robinson chooses to file a complaint in a new action, she should keep the following guidance in mind:

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Thus, federal prisoners suing under *Bivens*, 403 U.S. 388, must first exhaust inmate grievance procedures.  *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (holding that revised § 1997e(a) applies to *Bivens* actions).  A federal prisoner may seek formal review of an issue that relates to any aspect of her imprisonment under 28 C.F.R. § 542.10.  The procedure requires that the prisoner first address his complaint to the institution staff.  *See* 28 C.F.R. § 542.14(c)(4) (1997), Form BP-9.  If dissatisfied with the response at that level, the inmate may appeal her complaint to the regional Director of the Bureau of Prisons ("BOP").  *See id.* § 542.15(a), Form BP-10.  Finally, the prisoner may appeal her case to the General Counsel in the Central Office of the BOP, which is the "final administrative appeal."  *See id.*, Form BP-11.  Accordingly, Ms. Robinson is advised that she must have exhausted all her administrative remedies with respect to any claims before she raises them in a federal civil rights action in this Court.

## III.      CONCLUSION

The Court concludes that the petition contains no claims that can proceed in this habeas action.  Ms. Robinson may file an amended petition using the court's form petition to correct the deficiencies discussed above.  The amended petition must include the caption and civil case

_____

202-942-6716.

number used in this order, No. 24-cv-00445 VKD (PR), and the words AMENDED PETITION on the first page.  The amended petition shall be postmarked **no later than May 29, 2024**.

**In the alternative** if Ms. Robinson finds that she has no viable claims to pursue a habeas action under § 2241 and if she wishes to file her claims in a complaint in a new action, she may notify the Court by **May 29, 2024** and move for voluntary dismissal of this action.  Then the Court will order the matter reassigned to a district judge for dismissal of this action without prejudice.

**Failure to file a timely response in accordance with this order will result in the reassignment of this action to a district judge with a recommendation that this action be dismissed without prejudice and without further notice to Ms. Robinson.**

The Clerk shall include two copies of the court's form petition and two copies of the court's form complaint with a copy of this order to Ms. Robinson at her current place of confinement at FMC Lexington.[3]  The address shall indicate Ms. Robinson's full name and register number (71106-019), FMC Lexington, Federal Medical Center, P.O. Box 14500, Lexington, KY 40512.

**IT IS SO ORDERED.**

Dated: May 1, 2024

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[3] *See* Nadine Nzeuga Robinson, Reg. No. 71106-019 at Inmate Locator, Federal Bureau of Prison: https://www.bop.gov/inmateloc/.